PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant Brittain McJunkin, M.D., was operating their 1999 Audi station wagon on 1-77 near Charleston, Kanawha County, and the vehicle struck a metal expansion joint protruding between the road and the bridge. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on October 15, 2002, at approximately 6:00 a.m. while dark. Claimant Dr. McJunkin was traveling southeast on 1-77 on his way to work in Greenbrier County. He was traveling in the left lane at approximately sixty to sixty-five miles per hour. He was approaching a small bridge between mile marker ninety-five and ninety-six when suddenly his vehicle struck something in the area of the metal expansion joint span between the bridge and the highway. The impact punctured both left side tires forcing Dr. McJunkin to maneuver the vehicle to the side of the road. He testified that he did not see any part of the joint protruding from the roadway prior to striking it with the vehicle because it was dark. He assumes that the expansion joint was in a state of disrepair thus causing the damages to the tires of his vehicle. As a result of the impact, claimants purchased two new tires and had the tires balanced. Claimants submitted a repair bill in the amount of $226.84.
Claimants assert that respondent failed to maintain properly the interstate by failing to remedy the defective expansion joint between the bridge and pavement.
Respondent did not present any evidence or witnesses in this claim.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold respondent liable for road defects of this type, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). However, respondent owes a duty to travelers to exercise reasonable care and diligence in the maintenance of highways. Lewis v. Dept. of Highways, 16 Ct. Cl. 136 (1986).
In the present claim, the Court is of the opinion that claimants have failed to establish by a preponderance of the evidence that respondent knew or should have known that the expansion joint on 1-77 which is assumed to have damaged claimants’ vehicle was in a state of disrepair at the time of the accident described herein. The Court would have to resort to speculation to find that, in fact, the expansion joint was in disrepair, and further, that there is liability on the part of the respondent which this Court will not do. Consequently, there is no evidence of negligence established upon which to base an award.
Accordingly, the Court is of the opinion to and does hereby deny this claim.
*68 Claim disallowed.